UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

====================================

UNITED STATES OF AMERICA,

                                              DECISION AND ORDER
            v.                                12-CR-101A

CALVIN YOUNG,

                        Defendant.

====================================


        The defendant, Calvin Young, has been in pretrial detention since his

arrest on March 30, 2012, for his alleged role in a cocaine-trafficking conspiracy

violating 21 U.S.C. § 846.  Defendant Young was ordered detained by Magistrate

Judge H. Kenneth Schroeder, Jr., pursuant to 18 U.S.C. § 3142(e) on grounds

that he is a danger to the community and a serious risk of flight for whom no

condition or combination of conditions will reasonably assure the safety of the

community and the appearances of the defendant in court as required. The

defendant appeals his pretrial detention to this Court pursuant to 18 U.S.C. §3145(b)

and seeks release from pretrial detention on bail conditions.

        On July 30,2012, the Court heard oral argument of defendant Young's

appeal of the Magistrate Judge's detention order.  Defendant Young repeated his

earlier arguments in support of his request for pretrial release.  After considering

the parties' arguments, the prior proceedings in this case, and the United States'

short proffer of the evidence against defendant Young, the Court denies the

defendant's appeal pursuant to 18 U.S.C. § 3145(b).  The Court finds that the

defendant is a danger to the community and a risk of flight for whom no available

conditions or combinations of conditions of release will adequately protect the

community and assure his appearances as required.


## BACKGROUND

Defendant Young is charged in a one-count Superseding Indictment with

conspiring to possess with intent to distribute and to distribute five kilograms or

more of cocaine in violation of 21 U.S.C. § 846. More specifically, the Superseding

Indictment and the United States' proffer in support of detention of the defendant tends

to establish that the defendant was a member of a drug-trafficking conspiracy that had

existed since at least November 2011, and that the conspiracy had trafficked in

multiple-kilogram quantities of cocaine.  Specifically, the United States proffers that it

has evidence to demonstrate that the conspiracy trafficked in approximately 40 to 50

kilograms of cocaine a month.  The Superseding Indictment seeks the criminal

forfeiture of $4 million on a proceeds theory.

At the time of his arrest on the pending charge, defendant Young had been

observed by law enforcement agents engaging in alleged drug trafficking activity.

Although the defendant has no legitimate means of support, $360,005 cash was

seized from the defendant by law enforcement officers. The United States proffers that

the cash was proceeds of the sale of approximately 10 kilograms of cocaine.  The

2

United States also proffers that items that could be related to drug trafficking, some small plastic bags and gloves, were seized during execution of a search warrant at the defendant's residence.

If convicted of the charge against him in the Superseding Indictment, defendant Young faces a mandatory minimum term of 10 years' imprisonment and a maximum of life imprisonment.  The defendant faces a fine of up to $10 million. Given the quantity of cocaine within the scope of the conspiracy with which the defendant is charged, and his criminal record, the defendant is likely to face an advisory range of imprisonment under applicable Sentencing Guidelines of more than 20 years imprisonment.

Defendant Young has prior convictions on weapons charges. In 1997, he was sentenced to three-years probation for his first weapons-related conviction. Approximately one year later, he was charged with possession of a loaded firearm.  He resolved that charge in 1999 by guilty plea to attempted criminal possession of a weapon, a New York State Class E felony.  The defendant was sentenced to six months in jail and five years probation.  In 2010, the defendant was yet again charged with weapons possession.  He pled to a misdemeanor criminal possession of a weapon charge.

A detention hearing was held on April 4, 2012.  Magistrate Judge Schroeder issued his Order of Detention Pending Trial on April 10, 2012. The Order of Detention granted the detention motion of the United States and ordered defendant Young to remain in the custody of the United States Marshals pending trial or further order of the Court.

Defendant Young's prior counsel filed an appeal of the Order of Detention on April 20, 2012.  The defendant's prior counsel, who was assigned, was relieved in favor of retained counsel by docket entry dated April 27, 2012. The defendant's retained counsel has experienced some temporary incapacitating health problems that caused the delay of the Court's hearing of argument of the defendant's appeal of the Order of Detention until July 30, 2012.


## DISCUSSION

Bail Reform Act of 1984.  The appeal of a Magistrate Judge's pretrial detention order to this Court is to be "promptly determined." 18 U.S.C. § 3145(b). In reviewing the order, this Court "should not simply defer to the judgment of the [M]agistrate, but [should] reach its own independent conclusion."  *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

Under the Bail Reform Act of 1984,18 U.S.C. §§ 3141-3156, a criminal defendant should be released on bail pending trial "unless ... such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142 (b) (ellipsis supplied). The Bail Reform Act favors release pending trial. *Id.; United States v. Sabhnani,* 493 F.3d 63, 75 (2d Cir. 2007).

A criminal defendant does not have a right to be released on bail, however. *United States v. Salerno,* 481 U.S. 739, 749 (1987).  On the one hand, consistent with the Eighth Amendment prohibition of excessive bail, U.S. Const., Amend.

4

VIII, the Bail Reform Act forbids imposition of "a financial condition [on release] that results in pretrial detention of the person." 18 U.S.C. § 3142(c)(2). On the other hand, the Constitutional and statutory prohibitions against excessive bail do not mean that a defendant is entitled to an affordable bail guaranteeing the defendant's release pending trial. *See e.g., United States v. Gotay,* 609 F.Supp. 156,156-57 (S.D.N.Y. 1985).

To determine whether bail can be set, that is, whether there are available conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the Court must consider the factors listed in 18 U.S.C. § 3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense ... involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings;
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id*. (ellipses supplied).

For serious narcotics offenses - Title 21 offenses punishable by ten years or more imprisonment - a finding of probable cause to believe that a serious narcotics offense was committed, and that the defendant was the person who

committed it, gives rise to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(2). A grand jury indictment establishes probable cause; no independent finding of probable cause by the Court is necessary. *United States v. Contreras,* 776 F.2d 51, 55 (2d Cir. 1985).

When the § 3142(e) rebuttable presumption in favor of detention arises, the United States retains the burden of persuasion if it is seeking detention, and "a defendant must introduce some evidence contrary to the presumed fact[s] to rebut the presumption." *United* States *v. Rodriguez,* 950 F. 2d 85, 88 (quotation omitted)(2d Cir. 1991). "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Id.* The § 3142(e) presumption in favor of detention is alone sufficient to sustain the United States' burdens of proof on danger and risk of flight. *Id.*

The Nature of the Offense. Defendant Young is charged with a very serious narcotics offense. Based upon the large quantities of cocaine that he is alleged to have conspired to traffic in, the defendant faces a mandatory-minimum of 10 years' imprisonment and a likely Sentencing Guidelines advisory range of more than 20 years' imprisonment.

Strength of the Evidence. The United States has continued to rely primarily on the Grand Jury's finding of probable cause to support its allegations, although it proffers that it seized $360,005, the proceeds of approximately 10 kilograms of cocaine, from the defendant after observing him engaging in what was believed to be drug trafficking activity.  The United States also proffers, without detailing any of the supporting evidence, however, that the charged conspiracy was trafficking in 40 to 50 kilograms of cocaine a month.

Despite the proffer of the United States and the Grand Jury's Superseding Indictment, defendant Young remains an innocent man.  18 U.S.C. § 3142(j). Assessing the strength of the evidence against the defendant is not to assess his guilt or innocence.  Instead, assessing the strength of the evidence is an essential part of assessing the defendant's risk of danger and his motive to flee to avoid conviction and punishment. For example, it is well settled that when evidence of a defendant's guilt is strong, particularly when the likely sentence of imprisonment upon conviction is likely to be long, the defendant has a stronger motive to flee that requires more stringent release conditions to secure the defendant's appearances in court as required. *United States v. Sabhnani, 493* F.3d 63, 76 (2d Cir. 2007).  The motivation for this defendant to flee when faced with the evidence proffered by the United States, rather than to be sentenced to imprisonment of 20 years, is bound to be very strong.  The defendant therefore presents a serious risk of flight.

History and Characteristics of the Accused.  Defendant Young has a record of criminal weapons convictions and arrests that, although they have never involved allegations of his participation in actual violence, remain troubling to the

Court.  In order to overcome the presumptions of danger or risk of flight to which

he is subject, the defendant has the burden to establish that "what is true in

general is not true in the particular case."  *United States v. Dominguez,* 783 F.2d

702, 707 (7th Cir. 1986).  The defendant's particular criminal history and the

proffer of the United States establish that he is unlikely to abide by any combination of

conditions of release that might be imposed in this case.

Defendant Young argues that electronic monitoring, security - including

the posting of a residence - and other unspecified conditions of release can

adequately assure his court appearances as required.  However, electronic

monitoring gives limited security, and a parcel of real property belonging to others

that the defendant had offers to post as security are not sufficient to overcome

the presumption and evidence establishing the serious risk that he will flee to

avoid the risk that he will be sentenced to approximately 20 years' imprisonment.

The defendant has not come forward with evidence sufficient to overcome the

statutory presumption and proffered evidence that he poses a significant danger

of committing additional crimes while on pretrial release and that he should be

detained.

Nature of the Danger.   The United States has proffered no information that

defendant Young, or the co-conspirators who have been charged with the

defendant in the Superseding Indictment, have personally committed acts of

violence against other persons or have influenced others to do so.  The statutory

presumptions of danger and risk of flight nevertheless arise upon probable cause

to bring the charges pursuant to 18 U.S.C. 3142(e) because Congress has

recognized that persons charged even with less serious narcotics-trafficking offenses present a significant risk of pretrial recidivism, and because flight to avoid prosecution is particularly high among these persons. *See* S. Rep. No. 225, 98th Congress., 1st Sess. 1983, 1984 U.S.C.CAN. 3182, 3203.

The risk of continuing serious narcotics trafficking by defendant Young, based upon the conduct which led the Grand Jury to charge him with participating in a large cocaine-trafficking conspiracy, establishes the rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(2) that the defendant is a substantial risk to engage in criminal activity to the detriment of society and that he will be a danger to the community if he were to be released. *United States* v. *Rodriguez,* 950 F. 2d 85, 88 (2d Cir. 1991); see *United States* v. *Leon,* 766 F.2d 77, 81 (2d Cir. 1985) (danger to the community includes "the harm to society caused by [the significant risk of continued] narcotics trafficking"). The defendant's prior record of arrests and convictions, one of which was for conduct occurring while he was on probation supervision, supports the legal presumption of a significant risk of recidivism by the defendant.

Defendant Young stresses his roots in the community, but Congress specifically found when adopting the Bail Reform Act of 1984 that a defendant's "community ties" have "no correlation with the question of the safety of the community." S. Rep. No. 225, 98th Congress., 1st Sess. 1983, 1984 U.S.C.CAN. 3182, 3207-08. Congress also specifically found that "a defendant who is a danger to the community remains dangerous even if he has posted a substantial money bond." *Id.* at

9

3198-99 (n.60).  *See Rodriguez,* 950 F.2d at 89; *United States v. Ferranti,* 66 F.3d 540,

543 (2d Cir. 1995).  The defendant's community ties do not overcome the presumption

and the evidence that he is a danger to the community.

Based upon *de novo* consideration of all of the factors in 18 U.S.C. § 3142(g),

and the evidence proffered by the United States and defendant Young, the Court

concludes that the very serious narcotics-trafficking offense charged in the Superseding

Indictment has been committed and that the defendant committed it. The

circumstances and characteristics of that offense, together with the history and

characteristics of the defendant, support the conclusion that the defendant has not met

his burden to overcome the presumptions of dangerousness and serious risk of flight

that arise under 18 U.S.C. § 3142(e)(2) and the proffered evidence supporting those

presumptions. The Court also specifically finds that no available condition or

combination of conditions will adequately protect the safety of the community from the

defendant and reasonably assure the appearances of the defendant in court during this

case as required.  Pursuant to 18 U.S.C. § 3145(b), the Court therefore affirms the

detention rulings of Magistrate Judge Schroeder and the defendant is ordered

detained pending trial.


## CONCLUSION

For all of the reasons stated above, the appeal by defendant Calvin Young

of Magistrate Judge Schroeder's April 20, 2012 Order of Detention Pending Trial

is denied.  His request for release on bail is denied.

10

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 6, 2012